# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3624

_____

Randy Hardin, for himself and                            *
all others similarly situated;                           *
E. C. Hardin, Jr., for himself                           *
and all others similarly situated;                       *
Evelyn H. Allmon, for herself                            *
and all others similarly situated;                       *
Vernon Blasingame, for                                   *   Appeal from the United States
himself and all others similarly                         *   District Court for the
situated; Gary E. Goodwin,                               *   Western District of Arkansas.
for himself and all others similarly                     *
situated; Melanie R. Goodwin,                            *
for herself and all others similarly                     *
situated; Ed Fortson, for himself                        *
and all others similarly situated;                       *
Marion Fortson, for herself                              *
and all others similarly situated;                       *
Doris Benson; Gerald                                     *
Benson; Nathan Falls,                                    *
                                                         *
   Plaintiffs - Appellants,               *
                                                         *
  v.                                            *
                                                         *
BASF Corporation,                                        *
                                                         *
   Defendant - Appellee.                  *
                                                         *
_____                          *
                                                         *
Forrest Falls; Mary Ann Falls;                           *
Hilda Baumgarner; Leroy Baumgarner;                      *

Allen Cook; Kerry Falls; Lane        *
Falls; Sandy Falls; Gary Houston;   *
Keith Houston; Rose Houston;      *
Bennie Ladd; Ruth Ladd; Melvin    *
Messer; Ruth Messer; Shelby      *
Newberry; Artie Winningham,     *
                                            *

          Plaintiffs - Appellants,    *
                                            *

     v.                                *
                                            *

BASF Corporation,            *
                                            *

          Defendant - Appellee.     *

_____

Submitted: September 13, 2004
Filed: February 11, 2005

_____

Before LOKEN, Chief Judge, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

Plaintiffs appeal the district court's[1] dismissal of their tort claims as preempted under the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. §§ 136, et seq. (FIFRA). We affirm.

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

## I.    BACKGROUND

BASF manufactures Facet, an herbicide for rice farmers intended for use on barnyard grass.  Plaintiffs are commercial tomato growers whose plants were damaged by Facet.  The tomato plants were harmed by "off-target drift," meaning that when applied aerially, particles of the herbicide drift through the air and hit non-intended targets.  Off-target drift is apparently common among herbicides and pesticides, and normally, the very small amount of herbicide contained in the drift is not harmful.  Facet, however, is extremely harmful to domestic plants such as tomatoes and watermelons, even in the minuscule amounts carried within the incidental drift.  Plaintiffs allege that the amounts of Facet found in tomato plants has little to do with whether Facet is properly applied to nearby rice fields.  Instead, in this litigation, they argue that since much Facet is present in the air during the time of year when large amounts of Facet are applied throughout the state, contamination occurs even when Facet is properly applied.  Nonetheless, plaintiffs sued, and settled with, Arkansas applicators for alleged misapplication of Facet in violation of label requirements.

The EPA extensively regulates Facet and requires label warnings about the prevention of incidental drift.  In fact, BASF has changed Facet's label in response to allegations of crop injury by incidental drift.  The label contains several warnings about aerial application, and it reiterates that the product should not be allowed to drift onto sensitive plants.  Further, there are special instructions on the label for aerial application in Arkansas.  Plaintiffs do not dispute that Facet is effective for its intended use–to control herbicide-resistant barnyard grass in rice fields.

Plaintiffs brought this action in federal district court, alleging state law claims for negligence and strict liability, and also advancing claims under the Arkansas

Deceptive Trade Practices Act (ADTPA).[2] The district court dismissed the action as preempted, reasoning that, regardless of how the issues were couched by plaintiffs, they were failure-to-warn claims, or if plaintiffs prevailed on another theory, the resolution would require a label change. The district court held that both failure-to-warn claims and successful claims that would result in a label change are preempted by FIFRA. Hardin v. BASF Corp., 290 F. Supp. 2d 964, 970-71 (E.D. Ark. 2003).

## II.    DISCUSSION

Preemption is a question of law reviewed de novo. Nat'l Bank of Commerce v. Dow Chemical Co., 165 F.3d 602, 607 (8th Cir. 1999). Preemption stems from the Supremacy Clause of the Constitution and invalidates state positive (statutes or regulations) and common law provisions that interfere with or are contrary to federal law. Id.; see also Cipollone v. Liggett Group, Inc., 505 U.S. 504, 521-22 (1992).

FIFRA comprehensively regulates pesticide labeling and packaging. The EPA implements FIFRA, and as part of its enforcement duties, reviews and either approves or disapproves of pesticide labels. Once a label is approved, FIFRA expressly provides for a defense, arising from preemption, against certain state law claims that "impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." 7 U.S.C. § 136v(b). FIFRA's limitation on state labeling and packaging rules is balanced by its grant of authority for states to otherwise "regulate the sale or use of any federally registered

---

[2]The initial complaint did not contain the ADTPA allegations, and plaintiffs moved to amend the petition to include these claims. The district court denied the motion, finding that FIFRA impliedly preempted some of plaintiffs' claims and that plaintiffs could not state a cause of action on any remaining ADTPA claims. The district court's decision to deny reconsideration of the motion to amend is part of this appeal. Hardin v. BASF Corp., 290 F. Supp. 2d 964, 973-74 (E.D. Ark. 2003).

-4-

pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter." Id. § 136v(a).

Thus, any state law or state common law claim which has the effect of imposing a new labeling or packaging requirement on chemical manufacturers is preempted. Certain claims are clearly preempted by FIFRA: failure to warn (as this claim impacts the labeling); an actual defective-label claim; and breach of express and implied warranties. Nat'l Bank, 165 F.3d at 608. However, claims for design defect or manufacturing error are not preempted by FIFRA, as they do not impact labeling or packaging requirements. Netland v. Hess & Clark, Inc., 284 F.3d 895, 900 (8th Cir. 2002). In a design-defect case, the plaintiff must prove that the product is unsafe or unreasonably dangerous for its reasonably foreseeable use and consumption. Ark. Code. Ann. §§ 4-86-102; 16-116-102. But a plaintiff cannot defeat summary judgment by simply clothing a preempted claim as a design-defect claim. Netland, 284 F.3d at 900. Regardless of how a plaintiff characterizes her claim, "different requirements" may be imposed on a manufacturer when a court authorizes a damage award that has the "undeniable practical effect" of inducing a manufacturer to alter the product or label to avoid liability. Dow Agrosciences LLC v. Bates, 332 F.3d 323, 329 n.9 (5th Cir. 2003) (internal quotations omitted), cert. granted, 124 S. Ct. 2903 (2004).[3]

Plaintiffs argue that they brought a design-defect claim not subject to FIFRA preemption because precautions will not reduce Facet's damage-causing drift. Plaintiffs argue that any *response* from BASF as a result of the defective design (i.e., a label change), does not alter the fact that the basis for their claim is a design defect. This reasoning is contrary to our Netland decision, where we noted FIFRA preempts

---

[3]This case was argued before the Supreme Court on January 10, 2005. However, the Bates claimants are the intended users of the herbicide, and they assert product effectiveness claims. See Bates, 332 F.3d at 329-32. Accordingly, the Supreme Court's eventual Bates decision is unlikely to materially affect our analysis.

*any* cause of action which has the effect of directly, or indirectly, challenging an EPA-approved pesticide label. Netland, 284 F.3d at 898-900. We stated, "[t]o guide our [preemption] analysis, we must ask whether in seeking to avoid liability for any error, would the manufacturer choose to alter the label or the product." Id. at 900. If the manufacturer would choose to alter the label, the claim is preempted. Id.

Although plaintiffs have artfully attempted to argue a design-defect case, a favorable outcome for plaintiffs would induce, and even require, BASF to alter its label. For instance, plaintiffs allege that BASF misled and concealed information about Facet from farmers, applicators, and state officials; wrongly marketed Facet for aerial application when ground application would have been safer with regard to drift; and should have included more vigorous label warnings about tank-mixing Facet. Such claims actually assert that Facet is defective when used in a particular way or in a particular area. To avoid liability, BASF would alter its label to alert applicators to these dangers and market it for ground application. Another possibility is that the EPA might require it to do so. Both of these responses impact Facet's EPA-approved label. See id. It is inescapable that success on this claim would necessarily induce BASF to again alter the Facet label.

Additionally, plaintiffs cannot show that Facet is unreasonably dangerous so as to be defectively designed. Plaintiffs' two experts could not state with certainty that Facet was unreasonably dangerous for *any* use; just that it was unreasonably dangerous for use near tomato plants. Furthermore, the experts could not state with certainty that Facet would be unreasonably dangerous for tomato plants not located in eastern Arkansas. Nor could the experts rule out that ground application, as opposed to aerial, would acceptably decrease the risk. One of the experts conceded that restricting the amount of Facet used in a given area might allow nearby tomato plants to elude injury. Hardin, 290 F. Supp. 2d at 970. These facts, coupled with the inescapable conclusion that Facet is extraordinarily effective for its intended

purpose–controlling barnyard grass in rice crops–preclude plaintiffs from prevailing on this point.

We agree with the district court that BASF would likely alter its label to avoid liability in this case. As plaintiffs' experts demonstrate, their claims can be summarized as alleging that Facet is destructive to non-target plants when applied aerially in eastern Arkansas. These are essentially failure-to-warn claims that would likely result in a label change. See Bates, 332 F.3d at 332. Accordingly, plaintiffs' claims are preempted by FIFRA.

Finally, we find that the district court did not err in denying plaintiffs' motion to amend their pleadings to include claims under the ADTPA. Plaintiffs based their ADTPA claim on BASF's alleged misrepresentations to the EPA and the Arkansas Plant Board. The district court found that all of plaintiffs' claims amount to allegations regarding BASF's restatement of facts already found on Facet's label, and failure-to-warn claims. We agree, and affirm the district court's conclusion that such claims are preempted. See Kuiper v. Am. Cyanamid Co., 131 F.3d 656, 665 (7th Cir. 1997) ("off-label" restatements); Nat'l Bank, 165 F.3d at 608 (failure-to-warn claims).

## III. CONCLUSION

We affirm the judgment of the district court in all respects.

_____